

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*
> ARUN SUBRAMANIAN,
> *District Judge.*[*]

---

Jane Doe,

*Plaintiff-Appellant*,

v.                                                                         22-2674

Syracuse University, John Wildhack,
and John Desko,

*Defendants-Appellees.*

---

[*] Judge Arun Subramanian, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE

MANDATE ISSUED ON 11/29/2023

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JAMES ALIAGA, Calcaterra Pollack LLP, New York, NY (Stephen Bergstein, Bergstein & Ulrich, New Paltz, NY, *on the brief*) |
| **FOR DEFENDANT-APPELLEE:** | LAUREN J. HARTZ, Jenner & Block LLP, Washington, DC (Allison N. Douglis, Jenner & Block LLP, New York, NY, *on the brief*) |

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Jane Doe brought deliberate indifference, hostile environment, and retaliation claims against Syracuse University ("SU") under Title IX of the Civil Rights Act of 1964 ("Title IX"), 42 U.S.C. § 2000d *et seq.*[1] Doe appeals the district court's order (1) dismissing Doe's Title IX claims for deliberate indifference, (2) dismissing her hostile environment claim, (3) dismissing her retaliation claims, and (4) denying her leave to amend the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"To survive a motion to dismiss, the complaint must include enough facts to state a claim to relief that is plausible on its face." *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 106 (2d Cir. 2023) (citation and internal quotation marks omitted). In reviewing the complaint, "we

---

[1] Doe also asserted various state law claims against SU and several of its employees. The district court declined to exercise supplemental jurisdiction over these claims and dismissed them without prejudice.

2

accept all factual allegations as true, and draw reasonable inferences in the plaintiff's favor." *Id*. "[W]hen denial of leave to file a revised pleading is based on a legal interpretation, . . . a reviewing court conducts a *de novo* review." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015).

**I.  Title IX Claims**

The district court properly concluded that Doe failed to state claims for deliberate indifference and hostile environment under Title IX, but erred in dismissing her retaliation claim.

### A.  <u>Deliberate Indifference</u>

Recipients of federal funds "are properly held liable in damages [under Title IX] only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). Deliberate indifference is found both when a defendant's "response to known discrimination is clearly unreasonable in light of the known circumstances, and when remedial action only follows after a lengthy and unjustified delay." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 751 (2d Cir. 2003) (citations and internal quotation marks omitted). "[D]eliberate indifference must, at a minimum, cause [students] to undergo harassment or make them liable or vulnerable to it." *Davis*, 526 U.S. at 645 (alteration in original) (internal quotation marks omitted). "[A] damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).

3

1.   *Pre-April 2021 Assault*

Doe's Title IX pre-assault causes of action fail to allege that SU's response to her January 5, 2021 report of abusive conduct by a fellow student, Chase Scanlan, was "clearly unreasonable" or constituted "a lengthy and unjustified delay." *Hayut*, 352 F.3d at 751. First, SU "fully informed Doe of her rights under Title IX." *Doe v. Syracuse Univ.*, No. 5:21-cv-977, 2022 WL 4094555, at *5 (N.D.N.Y. Sept. 7, 2022). Upon receipt of Doe's report, SU's Title IX Office promptly provided Doe with information about its policies, resources (including safety escorts and counseling), and the complaint process; set up virtual meetings to discuss her situation; and sent follow-up emails to check in with Doe and to offer further support. And SU promptly entered a No Contact Order ("NCO") binding Scanlan, the remedy that Doe herself selected.

Second, SU did not act with deliberate indifference by declining to conduct an independent investigation after Doe decided not to pursue further action. The relevant federal regulations caution against school intervention when a complainant declines to pursue further action. *See* 85 Fed. Reg. 30,026, 30,190 (May 19, 2020) ("A rigid requirement such as an investigation in every circumstance may chill reporting of sexual harassment, which is in part why these final regulations separate the recipient's obligation to respond to a report of sexual harassment from the obligation to investigate a formal complaint of sexual harassment."). Doe fails to allege circumstances indicating that SU's decision was deliberately indifferent in light of her unwillingness to pursue further action.

Third, SU's failure "to inform [Doe] that it had the ability to independently investigate Scanlan" and its dissolution of Doe's NCO were not "clearly unreasonable." *Doe*, 2022 WL 4094555, at *5. SU provided Doe with the relevant policy explaining the process of filing a

4

complaint, individually, or by SU on her behalf and at its discretion. Moreover, Doe requested removal of the NCO. SU kept the NCO in place for another six weeks, and lifted the NCO only after an SU Title IX employee called Doe and asked questions "sufficient to confirm that [Doe] wanted the No Contact Order removed and whether [Doe] felt safe." Comp. ¶ 63. Doe does not allege that Scanlan violated the NCO, much less that SU knew about such violations or refused to enforce the NCO. Under these circumstances, SU was not obliged to conduct a further inquiry. We thus reject Doe's pre-assault Title IX deliberate indifference claim.

2. *Post-April 2021 Assault*

Doe also fails to allege deliberate indifference with respect to her Title IX post-assault causes of action. First, even assuming that SU's Department of Public Safety (DPS) officers are "appropriate persons" under Title IX, a question on which we express no opinion, the officers' response to Doe's assault was not "clearly unreasonable" in light of known circumstances, especially given Doe's admission that the officers never possessed "actual knowledge" that she had been physically assaulted. *See Kesterson v. Kent State Univ.*, 967 F.3d 519, 529 (6th Cir. 2020) (rejecting a deliberate indifference claim despite evidence that school employees "made several mistakes during [the school's] investigation of a sexual assault").

Second, the "approximately one week" delay between the April 2021 assault and the Syracuse Police Department and the District Attorney of Onondaga County being notified was not "lengthy and unjustified." The district court correctly recognized that much longer delays have not been found to be clearly unreasonable. *See Doe*, 2022 WL 4094555, at *6.

Third, Doe's allegations that SU's disciplinary decisions regarding Scanlan "were clearly unreasonable" are conclusory. Disagreement with disciplinary decisions of the school does not

5

lead to "a right to specific remedial measures." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012); *see also id.* ("[W]hen weighing the adequacy of a response, a court must accord sufficient deference to the decisions of school disciplinarians." (citing *Davis*, 526 U.S. at 648)). Critically, Doe fails to allege that the remedial measures instituted by SU were ineffective, such that SU "ignored the many signals that greater, more directed action was needed." *Zeno*, 702 F.3d at 671.

Fourth, Doe has failed to allege that SU's Title IX office acted in a manner that was "clearly unreasonable." The day after the April assault, SU imposed a new NCO. The next day, the Title IX office reached out to Doe about how to proceed. Doe said she would take some time to decide whether to file a formal complaint. Almost immediately after she declined to do so, SU's Title IX officer independently initiated a formal complaint. Doe has pointed to no case in which a school was held to be plausibly deliberately indifferent after taking such corrective action and without any subsequent harassment. *See Hayut*, 352 F.3d at 751 (recognizing that the university's response was not deliberately indifferent when it responded to the "complaint reasonably, in a timely manner, and in accordance with all applicable procedures"). We reject Doe's post-assault Title IX deliberate indifference claims.

B. Hostile Environment

To establish a hostile environment, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" and that the conduct is connected to an employee's protected characteristic. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations and internal quotation marks omitted); *see Fox v. Costco*

6

*Wholesale Corp.*, 918 F.3d 65, 74 (2d Cir. 2019).   An educational facility is liable for a hostile environment under Title IX "if it provides no response or if it provides a response that 'amount[s] to deliberate indifference to discrimination.'"   *Novio v. N.Y. Acad. Art*, 286 F. Supp. 3d 566, 576 (S.D.N.Y. 2017) (quoting *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 89 (2d Cir. 2011)).

For the reasons stated above, the district court did not err by dismissing Doe's hostile environment claim based on Doe's failure to establish deliberate indifference.   We thus reject her hostile environment claim.

### C.   Retaliation

To establish a prima facie case of retaliation under Title IX, a plaintiff must show: "(1) protected activity by the plaintiff; (2) knowledge by the defendant of the protected activity; (3) adverse school-related action; and (4) a causal connection between the protected activity and the adverse action."   *Papelino*, 633 F.3d at 91.   Here, Doe plausibly alleges that Keenan-Kirkpatrick and SU's new head women's lacrosse coach took adverse actions against her.   Specifically, Doe alleges an "intimidating litigation inquiry and messaging that [Doe was] no longer welcome at SU Athletics by New Coach and [an] intimidating statement regarding 'burning bridges' or leaving in a 'nasty way' from Deputy Athletics Director Keenan-Kirkpatrick."   Comp. ¶ 291.   Doe plausibly alleges that these conversations were threats that "could well dissuade a reasonable [student] from making or supporting a charge of discrimination."   *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015).   Moreover, it is plausible that these threats were made in retaliation for her sexual assault reporting or anticipated pursuit of legal action against SU.

Whether the school officials made the alleged threats and threatened Doe in connection

7

with the exercise of Doe's protected rights involve questions of fact. We thus vacate and remand the district court's order dismissing Doe's retaliation claim.

D. <u>Leave To Amend</u>

The district court acts within its discretion in denying a request for leave to amend when the plaintiff "conclusorily request[s] leave to amend . . . without specifying what additional factual allegations it would include if leave were granted, or how an amended complaint would cure the deficiencies the District Court identified in its original complaint." *WC Cap. Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013). Denial of leave to amend is proper when the plaintiff "sought leave to amend only in the final sentence of her opposition to the motion to dismiss." *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 662 F.3d 600, 603 (2d Cir. 2011). "It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *Powell v. Ocwen Loan Servicing, LLC*, 840 F. App'x 610, 614 (2d Cir. 2020) (quoting *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006), *abrogated on other grounds by FTC v. Actavis, Inc.*, 570 U.S. 136 (2013)).

The district court did not err by denying Doe's request for leave to amend. In two sentences at the end of her opposition to SU's motion to dismiss, Doe requested leave to amend "[i]n the event that the Court dismisses any of Plaintiff's complaint, in whole or in part." Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss and in Supp. of Cross-Mot. to Strike at 25, *Doe v. Syracuse Univ.*, No. 21-cv-977 (N.D.N.Y. Sept. 28, 2021), ECF No. 26. On appeal, Doe still fails to specify the additional allegations she would include in an amended complaint, and she does

not explain how an amendment would cure the deficiencies in her pleadings. We thus affirm the district court's denial of leave to amend.

\* \* \*

We have considered all of Doe's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court dismissing Doe's deliberate indifference and hostile environment claims and denying her motion to amend the complaint. We **VACATE** the district court's dismissal of Doe's retaliation claim and **REMAND** for further proceedings on that claim.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit