UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JANE DOE,

                                                           No. 5:21-CV-00977 (GLS/ML)

    v.

SYRACUSE UNIVERSITY et al.,

_____

## CIVIL CASE MANAGEMENT PLAN

Plaintiff Jane Doe and Defendants Syracuse University ("Syracuse" or "the University"), John Wildhack, and John Desko (collectively, "Defendants") respectfully submit the following Civil Case Management Plan:

In light of the prior proceedings in this case, the Parties first address the status of this litigation and various threshold issues that will need to be resolved, before turning to the other required components of the proposed Civil Case Management Plan.

This action was originally filed on August 30, 2021. It alleged federal and state law claims against the University and two of its employees. The day after Plaintiff filed the Complaint, Defendants moved to dismiss the action in its entirety pursuant to Rule 12(b)(6). The Rule 16 conference was subsequently adjourned without date, *see* ECF No. 7, and accordingly the Parties did not hold a Rule 26(f) conference, exchange initial disclosures, or submit a proposed civil case management plan. On September 7, 2022, Judge Sharpe entered an order granting Defendants' motion. The order dismissed Plaintiff's federal claims with prejudice and dismissed Plaintiff's state law claims without prejudice after declining to exercise supplemental jurisdiction over them. *See* ECF Nos. 32 & 33. Plaintiff appealed. In a summary order issued on November 8, 2023, the U.S. Court of Appeals for the Second Circuit affirmed the dismissal with prejudice of Plaintiff's claims (specifically, two counts alleging deliberate indifference, and one count alleging hostile environment, under Title IX of the Education Amendments of 1972), save only Plaintiff's Title IX retaliation claim. As to that claim, the Second Circuit stated that "[w]hether the school officials made the alleged threats and threatened Doe in connection with the exercise of Doe's protected rights involve questions of fact," and so the appellate court vacated and remanded "for further proceedings on that claim." ECF No. 36 at 7–9. The Second Circuit did not address the District Court's dismissal of Plaintiff's state law claims.

With respect to future proceedings in the District Court, the Parties agree on certain issues and disagree as to others.

The Parties agree that the next step is for Plaintiff to move under Rule 15 for leave to file an amended complaint, which will remove the federal claims other than the remanded Title IX retaliation claim and will include any state law claims that Plaintiff intends to pursue. Defendants anticipate opposing that motion for leave to amend, including on the grounds that it would be futile to allow any state law claims because they fail to state a claim upon which relief could be granted. Defendants also anticipate cross-moving to dismiss certain damages theories if the amended pleading continues to assert them in connection with the remanded Title IX retaliation claim, as explained in more detail below. The Parties therefore jointly request that this Court set a deadline of February 23, 2024 for Plaintiff to file her Rule 15 motion; a deadline of March 22, 2024 for Defendants to file their opposition and any cross-motion; and a deadline of April 5, 2024 for Plaintiff to file her reply and her opposition to any cross-motion. Defendants anticipate seeking leave of court to file a reply in support of any cross-motion, and Plaintiff accordingly plans to oppose said application. The Parties also agree that any obligation for the Defendants to answer the operative pleading should be stayed pending the outcome of that briefing.

The Parties further agree that, as to any and all state law claims that Plaintiff intends to pursue, discovery should be stayed pending the outcome of the briefing described in the previous paragraph.

The Parties disagree about whether discovery on the remanded Title IX retaliation claim should proceed pending the outcome of the briefing described above.

Plaintiff: The Second Circuit's mandate as to the Title IX retaliation claim was clear that certain questions of fact need to be explored, including 1) "[w]hether the school officials made the alleged threats", and 2) whether the alleged threats were made "in connection with the exercise of Doe's protected rights involve questions of fact." Plaintiff takes the position that since the merits of the Title IX retaliation claim will inevitably be explored during discovery, it will serve the interests of judicial economy if parties can begin the exchange of written discovery demands and responses to explore their respective positions as to certain documents. Plaintiff understands Defendants' objections to the Title IX retaliation damages theories in the current operative complaint and her Amended Complaint will address said objections by, at the minimum, clarifying that punitive damages are being sought under the state law claims and specifying what types of compensatory damages she is seeking under the Title IX retaliation claim.[1] Regardless of the damages issues, it would serve the interests of the Court to allow parties to begin propounding written discovery on issues relating to liability.

Plaintiff does not seek unreasonable repetition or costs. Should the Court allow written discovery to proceed while the motion to amend is pending, Plaintiff is amenable to suspending applicable motion to compel deadlines and depositions until the Court rules on Plaintiff's Rule 15 motion.

---

[1] *See Pierro v. Hudson City Sch. Dist.*, 2023 WL 2742245, at *4, n.5 (N.D.N.Y. Mar. 31, 2023) (specifying that "the holding in *Cummings* addressed only compensatory damages for emotional distress".)

<u>Defendants:</u> While Defendants acknowledge that discovery will be necessary on the remanded Title IX claim, they respectfully submit that discovery on that claim should be stayed pending the outcome of the anticipated motion(s), for two reasons.

*First*, as noted above, Defendants anticipate filing a cross-motion to dismiss various forms of relief that Plaintiff continues to seek in connection with her remanded Title IX claim but that are not available as a matter of law. Defendants submit that it is important to resolve that issue prior to discovery because it will significantly affect core factual issues related to the claim. In particular, Plaintiff continues to assert that she is entitled to emotional distress damages, punitive damages, and injunctive relief in connection with the remanded Title IX claim. However, since the Parties briefed the original motion to dismiss, the Supreme Court has clarified that emotional distress damages are not available in connection with claims asserted under Spending Clause statutes like Title IX.[2] On that basis, courts have repeatedly dismissed requests for such damages in Title IX cases.[3] The same is true for requests for punitive damages in Title IX cases.[4] Finally, Plaintiff has no basis to seek injunctive relief as a former student who left the University to attend another institution and has never sought to return.[5] Without clarity on the permissible damages theories for the remanded Title IX claim, the Parties could engage in costly and intrusive discovery that is not actually relevant to the issues in the case. As just one example, Plaintiff's continued request for emotional distress damages would require discovery into medical and mental health issues and may require a Rule 35 medical examination and/or expert disclosures related to Plaintiff's alleged pain and suffering—all of which could be avoided if the District Court agrees that emotional distress damages are not available in connection with the remanded Title IX claim. Although Plaintiff indicates above that she intends to clarify her damages theories in a proposed amended complaint, she has thus far refused in meet-and-confer discussions to agree that she will not seek any of the theories of relief for Title IX retaliation that Defendants have indicated they would challenge in their anticipated motion.

*Second*, even apart from open questions about the contours of the remanded Title IX retaliation claim, it is inefficient and burdensome to embark on discovery as to the remanded claim before the District Court has an opportunity to address whether any other claims will be part of the case on remand. If discovery proceeds now as to the remanded Title IX retaliation claim only, the parties could be required later to engage in additional rounds of document collection, review, and production, written discovery responses, depositions, expert witness disclosures, and more as to

---

[2] *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022); *id.* at 217–18 (confirming this applies to Title IX claims).

[3] *See Pierro v. Hudson City Sch. Dist.*, 2023 WL 2742245, at *4, n.5 (N.D.N.Y. Mar. 31, 2023) (granting motion to dismiss "with respect to damages for emotional distress under Title IX"); *see also, e.g., Reed v. Mt. Carmel Area Sch. Dist.*, --- F. Supp. 3d ----, 2023 WL 6449429, at *4 (M.D. Pa. Oct. 3, 2023).

[4] *See Cummings*, 596 U.S. at 216 (citing *Barnes v. Gorman*, 536 U.S. 181, 189 (2002)); *see also, e.g., Reed*, 2023 WL 6449429, at *4; *Lask v. Kan. City, Kan. Cmty. Coll. Bd. of Trs.*, 2023 WL 5034375, at *2–3, *7 (D. Kan. Aug. 8, 2023).

[5] "A plaintiff must demonstrate standing for each claim *and* for each form of relief sought." *Garcia De León v. N.Y. Univ.*, 2022 WL 179812, at *7 (S.D.N.Y. Jan. 20, 2022) (emphasis in original) (citing *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012)).

any state law claims that survive the forthcoming motion practice. For example, the University may be forced to search certain custodians' records more than one time, first with respect to Plaintiff's narrow Title IX retaliation claim, and then with respect to state-law claims that rely on a broader set of factual allegations.

1. **JOINDER OF PARTIES**:

<u>Plaintiff:</u> Any application to join any person as a party to this action shall be made on or before <u>April 30, 2024.</u>

<u>Defendants:</u> As noted above, Plaintiff intends to seek leave to file an amended pleading, and the Parties request that the Court set a deadline for Plaintiff's Rule 15 motion of <u>February 23, 2024</u>. Should Plaintiff seek further amendment at a later date for the purpose of joining additional parties, Defendants' position is that Plaintiff will need to satisfy the applicable standard for amendment by leave of court under Rule 15.

2. **AMENDMENT OF PLEADINGS**:

As noted above, Plaintiff intends to seek leave to file an amended pleading, and the Parties request that the Court set a deadline for Plaintiff's Rule 15 motion of <u>February 23, 2024</u>.

<u>Plaintiff:</u> Plaintiff reserves all rights with respect to further application to amend the pleadings following the decision on Plaintiff's anticipated Rule 15 motion.

<u>Defendants:</u> Should Plaintiff seek further amendment at a later date, Defendants' position is that Plaintiff will need to satisfy the applicable standard for amendment by leave of court under Rule 15.

3. **DISCOVERY**:

<u>Plaintiff:</u> As indicated above, Plaintiff maintains that written discovery as to the remanded Title IX retaliation claim can be propounded while the Rule 15 motion is pending. Should Plaintiff be permitted to file an amended complaint containing any state law claims, Plaintiff anticipates 12 months to be sufficient to complete discovery.

<u>Defendants:</u> For the reasons above, discovery is premature and should be stayed pending resolution of the anticipated motion practice. As and when discovery becomes appropriate, with respect to the remanded Title IX retaliation claim, Defendants anticipate that nine to twelve months should be sufficient for discovery as to that claim. Should Plaintiff be permitted to file an amended complaint containing any state law claim(s), additional time may be necessary.

4. **MOTIONS**:

<u>Joint Position:</u> Although the Parties disagree about whether discovery should commence pending the resolution of the anticipated motion practice, they agree that once a discovery period is set, all motions should be due 30 days after the close of all discovery.

**5. EXPERT WITNESS DISCLOSURE**:

Joint Position: Although the Parties disagree about whether discovery should commence pending the resolution of the anticipated motion practice, they agree that once a discovery period is set, Plaintiff's Expert Witness disclosure should be exchanged on or before 90 days before close of discovery; Defendants' Expert Witness disclosure should be exchanged on or before 45 days before close of discovery; and Plaintiff's Rebuttal Expert Witness Disclosure, if any, should be exchanged on or before 30 days before close of discovery.

**6. MANDATORY MEDIATION**:

Joint Position: A stipulation selecting a mediator must be filed on or before June 1, 2024. Mediation must be completed on or before June 28, 2024. If discovery is stayed in full as of the time the Parties are required to identify a mediator, the Parties may jointly request that the Court extend this deadline.

**7. PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**:

Joint Position: The parties respectfully submit that it is premature to set a trial date at this time, including because a proposed trial date and anticipated trial length will depend in part on the timing and substance of the Court's resolution of the anticipated motion practice.

**8. Have the parties filed a Jury Demand?**   ✖ (YES) _____(NO).

**9. What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**

Plaintiff: This Court has subject matter jurisdiction over Plaintiff's federal law claim pursuant to 28 U.S.C. § 1331. As this Court dismissed Plaintiff's state law claims without prejudice and the Second Circuit did not expressly decide any issue related to the state law claims, Plaintiff will ask this Court to exercise supplemental jurisdiction over Plaintiff's state law claims on the current operative Complaint. In addition, Plaintiff will seek leave to amend pursuant to Rule 15(a)(2) and will include the following additional state law claims: 1) Retaliation under the New York State Human Rights Law ("NYSHRL") and 2) Breach of Contract. Waivers of Service were executed and filed in regards to Defendants, which included express waivers of "any objections to the absence of a summons or of service." ECF No. 21-23.

Defendants: Defendants do not presently challenge the Court's subject-matter jurisdiction under 28 U.S.C. § 1331 with respect to the remanded Title IX retaliation claim, except to the extent it is now or later becomes apparent that Plaintiff lacks standing to pursue certain remedies identified in the operative Complaint. Defendants reserve all rights with respect to jurisdictional challenges as to any state law claims Plaintiff seeks to pursue in this case.

10.     **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

Plaintiff: Defendant Syracuse University is subject to the Court's jurisdiction under 28 U.S.C. § 1331. Waivers of Service were executed and filed in regards to Defendants and included express waivers of "any objections to the absence of a summons or of service." ECF No. 21-23. Should the Court exercise supplemental jurisdiction of Plaintiff's state law claims, Defendants Desko and Wildhack would subject to the Court's jurisdiction pursuant to 28 U.S.C § 1367. Litigation holds were delivered via email to Syracuse University's Office of the General Counsel on May 25, 2021.

Defendants: Defendants were not served with the Complaint, and instead appeared and filed a pre-answer motion to dismiss under Rule 12(b)(6). All Defendants subsequently executed waivers of service. There is no dispute regarding personal jurisdiction with respect to the remanded Title IX retaliation claim. Defendants reserve all rights with respect to jurisdictional challenges as to any state law claims Plaintiff seeks to pursue in this case.

11.     **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

Plaintiff: Defendant SU violated Title IX and NYSHRL when it illegally and improperly retaliated against Plaintiff for engaging in protected activities. Defendants SU, Wildhack, and Desko violated duties of care owed to Plaintiff and violated duties arising from Defendants' relationship with third-person tortfeasor Chase Scanlan. Plaintiff's breach of contract claim pertains to how Defendants handled her reports in contravention of Defendant SU's policies.

Defendants: As discussed above, Plaintiff's sole claim at this time is the remanded Title IX retaliation claim, which is asserted only against the University. The University's anticipated defenses include the following: (1) Plaintiff's allegations are factually inaccurate and legally insufficient; (2) Plaintiff was not subjected to adverse school-related action by the University; (3) retaliation was not a but-for cause of any adverse school-related action; and (4) Plaintiff's claims are barred in whole or in part by several affirmative defenses, including lack of injury, lack of causation, lack of foreseeable damages, failure to mitigate damages, and inability to obtain certain forms of relief. Defendants reserve all rights with respect to any state law claims Plaintiff seeks to pursue in this case.

12.     **What factual and legal issues are genuinely in dispute?**

Plaintiff: Plaintiff alleges violations of Title IX of the Education Amendments of 1972 and the New York State Human Rights Law, common law duties, and breach of contract.

Defendants: As discussed above, Plaintiff's sole claim at this time is the remanded Title IX retaliation claim. With respect to that claim, it is not disputed that Syracuse University is a recipient of federal funding; that Plaintiff was enrolled as a student-athlete at the University during the Spring 2021 semester; that Plaintiff provided certain reports to University personnel in January and April 2021 regarding a fellow student; and that Plaintiff ultimately entered the student-athlete transfer portal and transferred to another institution.

The factual and legal disputes with respect to the remanded Title IX retaliation claim include: (1) what occurred during the two conversations that ground Plaintiff's Title IX retaliation claim and

6

whether it constitutes an adverse action under the law; (2) whether retaliation was a but-for cause of any adverse school-related action; (3) whether the University is liable for any alleged instances of retaliatory misconduct by individual employees; (4) what injury and damages, if any, Plaintiff incurred as a result of the alleged retaliation; and (5) whether Plaintiff mitigated her damages if any cognizable damages were sustained.

Defendants reserve all rights with respect to any state law claims Plaintiff seeks to pursue in this case.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

Plaintiff:  Per Rule 15(a)(2), Plaintiff may amend her pleading only with the opposing party's written consent or the court's leave.

Defendants: As explained above, Defendants anticipate filing a dispositive motion with respect to multiple theories of relief that are currently alleged in the Complaint but no longer available in connection with the remanded Title IX retaliation claim.  They include Plaintiff's demands for emotional distress damages, punitive damages, and injunctive relief.  In addition, Defendants anticipate opposing Plaintiff's forthcoming motion for leave to amend her complaint to assert state-law claims, including on the grounds that it would be futile to allow any state law claims because they fail to state a claim upon which relief could be granted.

14. **What specific relief do the parties seek? What are the damages sought?**

Plaintiff: Plaintiff requests damages in an amount to be determined at trial as delineated in the Complaint as well as injunctive relief. Should the Court grant Plaintiff's Rule 15 motion and exercise supplemental jurisdiction over Plaintiff's state law claims, Plaintiff will seek relief under New York Executive Law 297(10) including but not limited to compensatory damages and attorney's fees, as well as relief available under New York negligence including punitive damages, and any other relief the Court deems just and proper.

Defendants: The University seeks judgment in its favor on the remaining Title IX retaliation claim, attorneys' fees and costs, and any other relief the Court deems just and proper.  With respect to any state law claims that Plaintiff seeks to pursue in this case, Defendants anticipate seeking the same relief: judgment in their favor, attorneys' fees and costs, and any other relief the Court deems just and proper.

15. **DISCOVERY PLAN:**

   A. **Mandatory Disclosures**

Joint Position: The Parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference.

B. **Subjects of Disclosure**

Plaintiff: Discovery will be needed to address the following subjects: how information about Plaintiff's protected activities was discussed amongst the SU Athletics Department including Kimberly Keenan-Kirkpatrick and Kayla Treanor, trainings regarding Title IX protected activities and retaliation, and SU's actions, omissions, and communications between the time of Plaintiff's protected activities and alleged adverse actions.

Plaintiff will seek discovery regarding the following subjects: (1) Defendants' recruitment and screening process of athletes generally, and of the SU Men's Lacrosse Team specifically as well as the recruitment of Chase Scanlan, including his disciplinary history at SU and Loyola University; (2) SU's policies and practices regarding student athlete scholarships and transfers for women athletes and for the Women's Lacrosse Team under Coach Gait; (3) SU's Title IX policies regarding training and reporting generally and specifically as to the Department of Public Safety and Department of Athletic; (4) how SU communicated information about Plaintiff's reports regarding Scanlan amongst students, employees and agents and what if any subsequent actions were taken by SU's various Departments including Department of Public Safety and Department of Athletics leading up to the alleged retaliatory acts against Plaintiff; (5) employment histories of John Desko, Gary Gait, Kimberly Keenan-Kirkpatrick , Kayla Treanor, and Sydney Pirreca; and (6) non-privileged communications amongst Syracuse University's Office of the General Counsel and from said Office to Department of Athletics from the time Plaintiff notified SU that she had retained counsel in May 2021 to the alleged retaliatory acts in June and July 2021.

Defendants: For the reasons above, discovery is premature and should be stayed pending resolution of the anticipated motion practice  As and when discovery becomes appropriate, with respect to the remanded Title IX claim, Syracuse University disagrees that several of the topics listed by Plaintiff are relevant to that narrow claim, which hinges on whether Plaintiff experienced retaliation in either of two conversations with University employees taking place weeks apart. Syracuse anticipates that discovery necessary to adjudicate that narrow claim is limited to the following subjects:

- The allegedly retaliatory phone conversations on June 15 and July 11, 2021;
- The causal connection, if any, between those conversations and Plaintiff's reports to the University in January and April 2021 regarding Chase Scanlan;
- The basis or motivation for Plaintiff's decision to transfer from Syracuse University to another institution;
- Plaintiff's claimed compensatory damages; and
- Syracuse University's affirmative defenses.

C. **Discovery Sequence**

Plaintiff: Plaintiff proposes that discovery will proceed with service of written discovery, followed by depositions of Parties and fact and expert witnesses, exchange of expert reports and depositions of experts, if necessary. To ensure adequate time for fact depositions and expert discovery, Plaintiff seeks discovery to be structured in three phases:

8

> Phase 1: Document Production & Written Discovery shall be complete on or before June 28, 2024.*
>
> Phase 2: Fact and Third Party Witness Depositions shall be complete on or before August 30, 2024.
>
> Phase 3: Expert Discovery shall be complete on or before December 27, 2024

As indicated above, Plaintiff is amenable to suspending applicable motion to compel deadlines and depositions until the Court rules on Plaintiff's Rule 15 motion.

Defendants: For the reasons above, discovery is premature and should be stayed pending resolution of the anticipated motion practice. As and when discovery becomes appropriate, Defendants are amenable to prioritizing written discovery prior to fact and expert depositions, as is customary, but disagree that formally phasing discovery as Plaintiff proposes is necessary or appropriate.

### D. Written Discovery

Joint Position: Although the Parties disagree about whether discovery should commence pending the resolution of the anticipated motion practice, the Parties expect to propound written discovery demands pursuant to Federal Rules of Civil Procedure 33, 34, and 36, and they all anticipate that the number of interrogatories should not exceed that permitted under Rule 33.

### E. Depositions:

Plaintiff: Plaintiff has not yet determined the number of depositions and is awaiting the exchange of initial disclosures prior to making this determination. At the minimum, Plaintiff anticipates deposing Daniel J. French, Gabe Nugent, John Wildhack, John Desko, Gary Gait, Kimberly Keenan-Kirkpatrick, Kayla Treanor, Sydney Pirreca, Sheila Johnson-Willis, and Gina Keleperovski.

Defendants: For the reasons above, discovery is premature and should be stayed pending resolution of the anticipated motion practice. As and when discovery becomes appropriate, with respect to the remanded Title IX retaliation claim, the University anticipates deposing Plaintiff; Plaintiff's immediate family members, including her mother, father, and stepfather; Plaintiff's friend who was allegedly present for Plaintiff's July 11, 2021 conversation with the women's head lacrosse coach; and any expert(s) disclosed by Plaintiff. The University reserves its rights to depose additional individuals as its investigation of Plaintiff's remanded Title IX retaliation claim continues, and it likewise reserves its rights to depose additional individuals in connection with any state law claims that survive the anticipated motion practice. Defendants dispute that the individuals identified in Plaintiff's response should all be deposed in this matter and will seek relief from the Court as necessary.

### F. Experts:

Plaintiff: Plaintiff anticipates that expert witnesses may be used pertaining to damages, standards of care regarding student athletics, industry standards for Title IX training, compliance, investigations, and responses, as well as about the history and purposes of Title IX.

Defendants:  For the reasons above, discovery is premature and should be stayed pending resolution of the anticipated motion practice.  As and when discovery becomes appropriate, the University may utilize an expert witness to address various damages issues in connection with the remanded Title IX retaliation claim.  The University reserves its rights to identify additional potential subjects of expert opinion and testimony as its investigation of Plaintiff's remanded Title IX retaliation claim continues, and it likewise reserves its rights to identify other subjects of expert opinion and testimony in connection with any state law claims that survive the anticipated motion practice.

### G. Electronic Discovery:

Joint Position: The Parties agree that discovery may be propounded electronically and responses may be served electronically, via email to the service emails provided on CM/ECF.  The Parties intend to negotiate a mutually agreeable ESI production format.  To the extent that any electronic discovery orders are needed, the Parties will meet and confer and propose such an order to the Court.

### H. Protective Orders:

Joint Position: The Parties expect to request a protective order addressing the treatment of confidential information in this matter, which may include non-public educational, health, and financial information.  The protective order will also include a Rule 502(d) provision.  The Parties will negotiate the terms of the proposed protective order and expect to submit it for Court approval by February 14, 2024.

### I. Anticipated Issues Requiring Court Intervention:

Plaintiff: None at this time.

Defendants: In addition to the key threshold issues discussed in the preliminary statement above, Defendants anticipate potential discovery disputes regarding the appropriate scope of discovery on the Title IX retaliation claim, including with respect to the anticipated depositions Plaintiff outlines above.

16. **Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

Joint Position:  At this time, the Parties do not believe it is feasible to bifurcate issues for trial.  Stipulation or other agreements to reduce the length of trial will be explored by the Parties, as appropriate.

17. **Are there any related cases pending before the Judge of this Court?**

Joint Position: No.

18. **In Class Actions, when and how will the class be certified?**

Joint Position:  Not applicable.

19. **What are the Prospects for settlement? Please check below the prospect for settlement:**

   1____ 2_✖_ 3____ 4____ 5____ 6____ 7____ 8____ 9____ 10____

   (Very unlikely                                      Likely)

 **A. Settlement cannot be evaluated prior to _____ (Date).**

Plaintiff: Substantial completion of document discovery.

Defendants: Defendants expect that resolution of the anticipated motion practice described above will help the Parties evaluate a potential resolution of this matter.

**B. How can settlement efforts be assisted?**

Plaintiff: Plaintiff respectfully submits that resolution of the anticipated motion practice and the expeditious exchange of discovery, especially written discovery, will assist settlement efforts.

Defendants: For the reasons stated above in response to #19.A, Defendants respectfully submit that resolution of the anticipated motion practice will provide important guidance to the Parties and aid a potential resolution of this matter.

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

**A. Reviewed General Order #47?**

Plaintiff: Yes

Defendants:  Yes.

**B. Reviewed the List of Court Approved Mediators available on the NDNY website?**

Plaintiff: Yes

Defendants:  Yes.

**C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?**

Plaintiff: Yes

Defendants: Yes.

**D. Discussed the time frame needed to complete Mandatory Mediation?**

<u>Plaintiff:</u> Yes

<u>Defendants:</u> Yes.

---

Pursuant to Rule 26(f), videoconferences were held on January 10, 19, and 22, and attended by: James Aliaga, Anjori Mitra, and Justin Alvarez-Herman for plaintiff, and Lauren J. Hartz and Allison N. Douglis for Defendants Syracuse University, John Wildhack, and John Desko.

Dated: January 24, 2024                    Respectfully submitted,

/s/ James Aliaga

James Aliaga (No. 5679559)
**CALCATERRA LAW PC**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
jaliaga@calcaterralaw.com
Tel: 212-899-1760
Fax: 332-206-2073

*ATTORNEYS FOR PLAINTIFF*

/s/ Lauren J. Hartz

David W. DeBruin (No. 603019)
Lauren J. Hartz (No. 701646)
**JENNER & BLOCK LLP**
1099 New York Avenue NW, Suite 900
Washington, DC 20001-4412
ddebruin@jenner.com
lhartz@jenner.com
Tel: 202-639-6000
Fax: 202-639-6066

Allison N. Douglis (No. 704713)
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036
adouglis@jenner.com
Tel: 212-891-1600
Fax: 212-891-1699

*ATTORNEYS FOR DEFENDANTS*