UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JANE DOE,

               Plaintiff,

           -v-                          5:21-CV-977

SYRACUSE UNIVERSITY,
JOHN WILDHACK,
JOHN DESKO,
KIMBERLY
KEENAN-KIRKPATRICK,
and KAYLA TREANOR,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

SCOTT & SCOTT ATTORNEYS      ANJORI MITRA, ESQ.
   AT LAW LLP
Attorneys for Plaintiff
230 Park Ave, 24th Floor
New York, NY 10169

VASQUEZ SEGARRA LLP         JORGE VASQUEZ, JR., ESQ.
Attorneys for Plaintiff
5 West 37th Street, Suite 6003
New York, NY 10018

SMITH, SOVIK, KENDRICK          KAREN G. FELTER, ESQ.
   & SUGNET, P.C.
Attorneys for Defendant
250 South Clinton Street, Suite 600
Syracuse, NY 13202-1252

DAVID N. HURD
United States District Judge

## ORDER

  Defendant Kimberly Keenan-Kirkpatrick ("defendant" or "Keenan-Kirkpatrick") has moved to dismiss plaintiff Jane Doe's ("plaintiff" or "Doe") amended complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(2) and (5) for lack of personal jurisdiction and improper service of process.[1]  Dkt. No. 72.  The motion is unopposed.[2]

  Keenan-Kirkpatrick argues that she must be dismissed from this action because Doe failed to effect proper service of process.  Def.'s Mem., Dkt. No. 72-1 at 8–19.[3]  As defendant explains, plaintiff's process server failed to properly serve her by either personal or substituted service.  *Id*. at 13–19.

---

[1] Defendant has also moved, in the alternative, to dismiss plaintiff's negligence claim against her pursuant to Rule 12(b)(6) for failure to state a claim.  *Id*.

[2] Consistent with Local Rule of the Northern District of New York ("Local Rule(s)") 7.1(a)(3), where the non-movant fails oppose the movant's motion papers, and where the movant has met its burden for the relief requested, the Court will deem the non-movant's silence as consent to grant the movant's motion unless good cause can be shown.  Because there has been no such showing, and because defendant's motion is facially meritorious for reasons discussed *infra*, Local Rule 7.1(a)(3) warrants the grant of relief.

[3] Pagination corresponds with CM/ECF.

Thus, according to defendant, this Court lacks personal jurisdiction over her.
*See id.*

Jurisdiction is the power to speak, or declare, the law in a particular case.
*Ex parte McCardle*, 74 U.S. 506, 514 (1868).  Notice perfects that power.  *See*
*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)
(holding a litigant's due process right to be heard "has little reality or worth
unless one is informed that the matter is pending and can choose for himself
whether to appear or default, acquiesce or contest"); *see also Kimble v. Opteon*
*Appraisal, Inc.*, –F. Supp. 3d–, 2024 WL 208000, at *5 (W.D.N.Y. Jan. 19,
2024) (holding that the exercise of personal jurisdiction over a defendant
requires "the plaintiff's service of process upon the defendant must have been
procedurally proper") (quoting *Fuld v. Palestine Liberation Org.*, 82 F.4th 74,
85 (2d Cir. 2023))

Under Rule 4(e), service on an individual may be effected by:

> (1) following state law for serving a summons in an
> action brought in courts of general jurisdiction in the
> state where the district court is located or where
> service is made; or

> (2) doing any of the following:

>> (A)   delivering a copy of the summons and of the
>> complaint to the individual personally;

>> (B)   leaving a copy of each at the individual's
>> dwelling or usual place of abode with

> someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(e)(1) cross-references the law of the state in which the district court is located. In this case, it is the laws of the State of New York: the New York Civil Practice Law and Rules ("CPLR"). Under CPLR § 308, service may be effected by:

> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . within twenty days; or
>
> 3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . . or
>
> 4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or

her actual place of business . . . within twenty days
of each other.

N.Y. C.P.L.R. § 308.

Upon review, Doe failed to effect proper service on Kirkpatrick under any
of the methods provided for in Rule 4(e), and C.P.L.R. § 308.  Doe's process
server attempted to serve defendant by leaving a copy of the summons and
complaint with a secretary for the Athletics Administration.  Keenan-
Kirkpatrick Aff., Dkt. No. 72–1 ¶ 4.  Thereafter, plaintiff's process server
attempted to effect substituted service by mailing a copy of the summons and
complaint to defendant's work address.  *Id.* ¶¶ 5–7.

However, the address was entered incorrectly and never arrived.  Keenan-
Kirkpatrick Aff. ¶¶ 5–7.  Plaintiff filed proof of substituted service upon
defendant on April 15, 2024.  Def.'s Mem. at 16.  Thus, even if plaintiff
properly served defendant by leaving a copy of the summons and complaint
with her purported agent, proof of service was filed fourteen days past the
deadline imposed by New York law.  N.Y. C.P.L.R. § 308.  This is plainly
ineffective under the governing rules.  Because plaintiff failed to serve
defendant, the Court cannot validly exercise personal jurisdiction over her.
Accordingly, defendant's motion to dismiss will be granted in part.[4]

---

[4] As noted *supra*, the Court need not reach Keenan-Kirkpatrick's arguments regarding
plaintiff's failure to state a claim.

Therefore, it is

ORDERED that

1.  Defendant Keenan-Kirkpatrick's motion to dismiss (Dkt. No. 72) is GRANTED in part and DENIED in part; and

2.  Plaintiff's complaint is DISMISSED without prejudice against Keenan-Kirkpatrick.

The Clerk of the Court is directed to terminate this defendant from the docket report and terminate the pending motion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  September 10, 2024
       Utica, New York.